IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| AVERY PETERSON, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>PREMIER PLUMBING AND LEAK, LLC, )<br>)<br>   Defendant. )<br>_____ ) | Civil Action No.: |

# COMPLAINT

COMES NOW the Plaintiff, AVERY PETERSON ("PLAINTIFF"), and files this Complaint against DEFENDANT, PREMIER PLUMBING AND LEAK, LLC ("DEFENDANT"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANT for violations of the Fair Labor Standards Act ("FLSA") and for breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation, with a principal address in Gainesville Florida, which provided plumbing services in the Northern District of Florida, and PLAINTIFF performed work for DEFENDANT in Gainesville, Florida.

## BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Upon information and belief, at all relevant times, DEFENDANT had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce that were used to remove trees.

7. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

10. In or around May 2017, DEFENDANT hired PLAINTIFF to work as a plumber's helper at a rate of pay of $10 per hour and he remained in that capacity until DEFENDANT terminated him in or around September 2018.

11. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

12. Throughout his employment as a plumber's helper, PLAINTIFF worked at least 70 hours per week, but was paid only straight time for the hours he worked.

13. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF at a

rate of one and one-half times his usual hourly rate when he worked more than 40 hours per week.

14. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

15. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

16. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

17. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to the provisions of the Act.

18. PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* who performed work for which he did not receive appropriate compensation.

19. During his employment with DEFENDANT, PLAINTIFF performed work for which he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* More specifically, DEFENDANT violated the overtime provisions of the Fair Labor Standards Act by not paying PLAINTIFF time and one-half when he worked more than 40 hours in a week.

20. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

21. DEFENDANT'S failure to compensate PLAINTIFF for his overtime violates the overtime provisions of the FLSA and the regulations thereunder.

22. DEFENDANT'S failure to compensate PLAINTIFF for his overtime was a willful and knowing violation of the Act.

23. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

24. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF compensation at a rate of one and one-half times his agreed hourly rate for the overtime hours he worked, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

25. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## FLSA-RETALIATION

26. The General Allegations and Background are hereby incorporated by reference as though fully set forth herein.

27. Throughout his employment, PLAINTIFF complained to DEFENDANT that he was not getting paid in accordance with the FLSA's overtime provisions.

28. Upon information and belief, PLAINTIFF was terminated in or around September

>  2018, because he requested DEFENDANT pay him time and one-half for his overtime.

29. As a result of his termination, PLAINTIFF suffered a loss of income, humiliation and embarrassment.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover lost wages and fringe benefits, damages for mental anguish, embarrassment and humiliation, punitive damages, pre- and post-judgment interest, other compensatory damages, nominal damages, and other relief by reason of DEFENDANT'S violation of the FLSA's retaliation provision; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## BREACH OF CONTRACT

30. The General Allegations and Background are hereby incorporated by reference as though fully set forth herein.

31. DEFENDANT breached its employment agreement with PLAINTIFF by failing to pay PLAINTIFF the agreed rate of pay for all the hours he worked and by failing to pay PLAINTIFF money it had been holding for PLAINTIFF.  In that regard, DEFENDANT held $100 per week from PLAINTIFF'S pay because PLAINTIFF was not allowed to exceed a certain balance at the facility where he was incarcerated.  DEFENDANT agreed to pay PLAINTIFF that money when he was released, but failed to do so.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover lost wages and fringe benefits, pre- and post-judgment interest, other compensatory damages, nominal damages, and other relief by reason of DEFENDANT'S breach of contract; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated:  October 1, 2019

                                        Respectfully submitted,

                                        **THE LAW OFFICE OF MATTHEW BIRK**

                                        **/s/ Matthew W. Birk**
                                        **Matthew W. Birk**
                                        Florida Bar No.:  92265
                                        309 NE 1st Street
                                        Gainesville, FL  32601
                                        (352) 244-2069
                                        (352) 372-3464 FAX
                                        mbirk@gainesvilleemploymentlaw.com
                                        ATTORNEYS FOR PLAINTIFF